CHURCHILL *et al. v.* FULLIAM.

</div>

Where a bond for an attachment, is signed by the principal and sureties, in their partnership name, it is sufficient.

In attachment, the penalty of the bond should be double the amount of the value of the property which the sheriff *may* attach, and not double the amout of the claim sworn to be due.

Where in a suit commenced by attachment, the amount of the claim sworn to, was $1,012.69, and the bond was in the penal sum of $2,025.38; *Held,* That the bond was insufficient.

In attachment, the defendant cannot, in the principal action, take issue upon the facts alleged as the basis for the attachment.

Churchill et al. v. Fulliam.

Where a plaintiff, in commencing his action, brings himself within the provisions of section 1852, which provides for commencing suit by attachment previous to the debt becoming due, in certain cases, the defendant cannot set up the defense that the debt was not due at the commencement of the action.

Whenever the law provides for the admission of books of account in evidence, it is based upon the idea of the presence of the books themselves upon the trial; and in their absence, evidence of their contents cannot be substituted.

The book iself, when admitted, becomes the witness, and is still subject to any objections which may be made by the opposite party, respecting its credibility, arising from the manner in which it is kept—its appearance, alterations, erasures, confusion and irregularity—and whatever may tend to diminish its credibility in the eyes of a jury.

Where in an action on an account, the plaintiffs proved the accounts, by proving the character and contents of their books of accounts, by the depositions of witnesses, who were their clerks, and without producing in court the books themselves; and where the court afterward charged the jury as follows: "Books of account are competent evidence of dealings between the parties, if it is shown that such books have all the marks of fairness and correctness required by law; and if the party seeking to use such evidence, is doing business, or residing, out of the state, or in a foreign country, it is competent for such party to take the depositions of competent witnesses, as to the contents of such books, after having laid the foundation as prescribed in section 2406 of the Code, and such testimony is original, and not secondary evidence;" *Held*, That the whole proceeding was erroneous, and not within the meaning and intent of the law relating to the admission of books of entry in evidence.

A party is not called upon to dispute an account, on every occasion on which it may be presented; and when evidence of any act or declaration of a party is given, as tending to prove the account, care should be exercised in determining whether the circumstances required the defendant to dispute the account, so as to cause his omission to do so, to have weight against him.

Where in an action on an account, the court instructed the jury as follows: "That any act or declaration of the defendant, as a payment made, or claimed to have been made, without disputing, at the time, the correctness of the account, is a circumstance which may be considered by the jury, as proof of, or tending to prove, the correctness of the account;" *Held*, That the instruction was too broad and unqualified.

*Appeal from the Muscatine District Court.*

MONDAY, APRIL 4.

THE ACTION is upon an open account for goods, wares and merchandise, sold and delivered, and was commenced by attachment. The material facts and errors assigned, appear from the opinion of the court.

*W. F. Brannan* and *Cloud & Vanhorne* for the appellant.

*Richman & Brother*, for the appellees.

WOODWARD, J.—The error first assigned relates to the overruling defendant's motion to dismiss the attachment. The attachment was sued out under the provisions of section 1852 of the Code, which provides that it may issue previous to the debt becoming due, when nothing but time is wanting to fix an absolute indebtedness, and when the petition, in addition to that fact, states that the defendant is about to dispose of his property with intent to defraud his creditors.

The motion to dissolve the attachment, assigns several reasons therefor. That relating to the bond being signed in the name of a partnership, in the case of both principal and surety, is disposed of by the case of *Danforth, Davis & Co.* v. *Carter & May*, 1 Iowa, 546.

The fourth ground is, that the penalty of the bond is not in the amount required by law. The statute, (section 1849), directs that the petition shall state as nearly as may be, the amount which is due. By section 1850 this sum is made a guide to the officer, who is to attach an amount fifty per cent. greater than that so stated. And then section 1853 declares that before any property can be attached, the plaintiff must file a bond in a penalty double the value of the property sought to be attached. The sum

sworn to in the present case is $1,012 69, and the bond is in the penal sum double that amount, namely, $2,025,38.

The defendant contends, that the bond need not be in double the highest amount which the sheriff *may* attach, but that it is sufficient, if it be double the amount which the plaintiff seeks to, or does, in fact, attach. There is some force of reason to urge in favor of this view; but it is controlled by the considerations, that the law seems to indicate a fixed criterion, in double the amount sworn to, with the fifty per cent. thereon; that there is no. provision for the plaintiff naming any other amount for attachment; and that it is the clerk who approves the bond, and not the sheriff, who should do it, if the amount actually attached were the criterion. To these we may add further, the view commonly entertained, that the bond must be filed before the writ issues, which, if correct, precludes the idea of the subsequent attachment controlling it.

The conclusion seems unavoidable, that the penalty of the bond is required to be in double the amount which the sheriff may attach, since it cannot be determined before hand what amount he will take; and the amount which he may levy upon, is that sworn to be due, with fifty per cent. thereof added. And the statute is peremptory, too. "Before any property can be attached as aforesaid, the plaintiff must file" such bond. This is not a point upon which the court has any discretion. What our views of the law may be, is immaterial. We may believe the defendant perfectly secured with a bond in double the amount sworn to be due, yet this is not for us to say—the defendant is entitled to his bond. Upon this motion being made, the law permits the plaintiff to perfect his bond, but if this is not done, there is no course left for a court to take, but to hold it insufficient. The district court should have so ruled.

The second error assigned, is to the sustaining plaintiff's demurrer to defendant's answer. The answer, among other things, denied the truth of the facts alleged with a view to obtaining the attachment, as required by the statute; and

also alleged that the cause of action had not accrued when the suit was commenced. It has been determined that the defendant cannot, in the principal action, take issue upon the facts alleged, as the basis for an attachment. *Hunt v. Collins,* 4 Iowa, 56 ; *Sackett, Belcher & Co.* v. *Partridge & Cook,* 4 Ib., 416.

The other part of the answer here demurred to, is the particular subject of section 1852 of the Code, which provides for suing previous to the debt becoming due, in certain cases. It is under this section that the plaintiffs have sued, and having brought themselves within it, the defendant cannot set up the defense that his debt is not due. Much of the defendant's argument is based upon the assumption that the plaintiff is entitled to judgment before the cause of action may accrue, but this is probably an erroneous assumption. But we are not called upon to determine this finally, because, in the present case, the right of action matured soon after the institution of the suit, and before the trial, so that the court had authority to render judgment when that was done. There was no error in sustaining the plaintiff's demurrer to this portion of defendant's answer.

The third and fourth errors assigned, are to instructions asked by the plaintiffs, and given by the court. The plaintiffs proved their account by their books, without producing the books themselves on the trial, but proving their character and contents by the depositions of witnesses, who were their clerks. None of these witnesses—the clerks, whose depositions are contained in the transcript—testify to the sale of the goods; but they testify to those "circumstances" relating to the books, which are required by section 2406 of the Code, as preliminary to their admission. Under this state of the case, the plaintiffs asked, and the court gave, the following instruction : Books of account are competent evidence of dealings between parties, if it is shown that such books have all the marks of fairness and correctness required by law ; and if the party seeking to use such

VOL. VIII.—7

evidence, is doing business, or residing out of this state, or in a foreign country, it is competent for such party to take the depositions of competent witnesses as to the contents of such books, after first having laid the foundation as prescribed in section 2406 of the Code, and such testimony is original, and not secondary evidence.

This proceeding was erroneous, and was not in accordance with the meaning and intent of the law relating to the admission of books of entry. The admission of these books as evidence, is of such a character, that it may be said to have hardly won its way to a place among the rules of law. Wherever admitted, it is based upon the idea of the presence of the books themselves upon the trial; and we have never known an atttempt to dispense with that presence, and substitute evidence of their contents. After certain preliminary testimony concerning them, the court is to determine on their admissibility; but in the mode of proceeding adopted in this case, the party offering them assumes this adjudication. Then, the books being admitted, they are still subject to any objections which may be made by the other side, respecting their credibility, arising from the manner in which they are kept— their appearance—alterations, erasures, confusion, and irregularity—and whatever might tend to diminish their credibility in the eyes of a jury. This is in the nature of the cross-examination of a witness, and this is taken away—the other party has no opportunity to object.

Again: The book itself becomes the witness, when admitted; and its testimony cannot come by hearsay through other witnesses, nor can its deposition be taken. Another view in which this proceeding may be presented, is that it is permitting a party to give secondary evidence of the contents of a paper, or of a writing, which is in his own exclusive possession. The allowance of this practice would violate every principle upon which the admission of books of entry is supported. The whole doctrine is based upon the idea of the presence of the books upon the trial. We are

clearly of the opinion that the court erred in this instruction, and in admitting this testimony as a substitute for the books themselves.

The defendant also excepted to the following instruction: "Any act or declaration of the defendant, as a payment made, or claimed to have been made, without disputing at the time the correctness of the account, is a circumstance which may be considered by the jury, as proof of, or tending to prove, the correctness of such account." The instruction, taken as a proposition, is entirely too broad and unqualified, and is in part obscure and uncertain; but, if viewed in reference to the testimony in the particular case, and limited to this, should not alone reverse the judgment. But even as applied to the single case, it should be with caution. The defendant is not called upon to dispute the account on every occasion, and care should be exercised in determining whether the circumstances called for it, so as to cause his omission to have weight against him.

For the ruling of the court upon the motion to dissolve the attachment, and for the instruction concerning the admission of the testimony in relation to the books of account, the judgment of the district court will be reversed, and the cause will be remanded for further proceedings, not inconsistent with this opinion.