## HAMBLE v. OWEN.

1. **Practice:** RULING UPON AN AWARD. When there is no showing, by bill of exceptions or otherwise, upon what facts the court acted in setting aside the award of arbitrators, the Supreme Court will not review such ruling.

2. **Attachment:** BOND. An attachment bond should not be less than three times the amount claimed in the petition.

3. —— AMENDMENT. A cause reversed because an attachment bond was not sufficient may be reversed and remanded with leave to the plaintiff to amend the bond.

*Appeal from Marshall District Court.* ·

MONDAY, JANUARY 29.

PLAINTIFF, in his petition, claims over $3,000, and obtained an attachment against defendant's property. It seems that the parties, before return term, made an agreement of some nature to refer the matter to arbitrators. At this term defendant moved to dissolve the attachment, and dismiss the case, which motions were severally overruled. Plaintiff moved to set aside the award, which was sustained. A new award was made, and this was also set aside on plaintiff's motion. He also moved that one of the arbitrators be discharged from further duties and that the submission be revoked, which motions were overruled. Defendant excepted and appeals.

*L. W. Griswold* for the appellant.

*H. E. J. Boardman* for the appellee.

WRIGHT, J. — Upon what the court below acted, in sustaining and overruling the several motions, so far as they related to the supposed awards, we have no means of knowing. The record is full of affidavits and motions, but there is no single thing to indicate what testimony, what papers, what affidavits were used and considered by the court. It is but too manifest that these parties, by an effort doubtless well meant, to amicably settle their difficulties, have complicated them ten fold, and that they have involved themselves in a litigation, which unless speedily and fairly settled, will possibly lead to the insolvency of both. And from this confused record this is about all that is very well established. As there is no showing by bill of exceptions or otherwise, upon what facts the court acted in the several matters stated (except as herein stated), we have no alternative but to affirm

I. PRAC-
TICE: ruling
upon an
award.

Hamble v. Owen.

these rulings. We cannot, however, omit the suggestions, that unless the controversy can be amicably settled, it would conduce to the speedy and perhaps just adjustment of these difficulties, if the parties would make up the issues and try the same at once to the court or jury. Taking the half that is said in their affidavits to be true, the conclusion is irresistible, in view of the prejudice and bad feeling existing between the parties and arbitrators, that it is not likely that a satisfactory award ever will be made. With this suggestion, we leave this part of the case to be disposed of as the parties may be advised, and turn to the only question which is really presented by the record.

Defendant moved to dissolve the attachment, for the reason, among others, that the bond was not in the amount required by law, and this objection, we think, was well taken. The penalty of the bond was more than double the amount *sworn to and claimed* by plaintiff, but not double the value of the *property sought* to be attached. As the law requires that the sheriffs shall, as nearly as the circumstances of the case will permit, levy upon property *fifty* per .cent greater in value than that sworn to, it follows that a bond for less than double the value of the property sought to be attached (or three times that sworn to) would not be good; and so we have before expressly held. *Churchill, Walkley & Johnson* v. *Fulliam*, 8 Iowa, 45; *Hamill, Ralston & Co.* v. *Phenice*, 9 Id., 525. To the suggestion that section 3182 of the Revision limits the party to a motion for a new bond, we only remark that this section relates to additional security, because of the removal of the surety from the State or the like. To this extent the rulings below will be reversed, and the cause remanded, with leave to plaintiff to amend the attachment bond, each party paying half of the costs of this appeal.

2. ATTACH-
MENT:
bond.

3. ——
amend-
ment.

                                                  Reversed.