McCRARY v. TASKER ET AL.

41   255
80   396
41   255
94   570
94   644
41   255
128  107
41   255
144   77

1. **Administrator**: SALE BY: APPLICATION. An application by an executor for an order to sell the real estate of a decedent must be made within eighteen months from the time when he gives notice of his appointment, unless the circumstances of the case would justify a court of equity in making an exception to the rule, in which case the application should be made within a reasonable time.

2. ——: ——: RULE APPLIED. An application for an order to sell real estate by an administrator *de bonis non*, thirteen years after the executor had given notice of his appointment, was not made within a reasonable time, and the order was properly refused.

*Appeal from Lee District Court.*

THURSDAY, SEPTEMBER 23.

JAMES TASKER died March 12, 1859, testate, leaving Catharine Tasker, his widow, and no children. At the date of his death he was seized in fee of lots 1, 2 and 3, block 70, Keokuk, and other real estate. The will of James Tasker contained the following provisions: "It is my will * * * that my wife, Catharine Tasker, shall have for her natural life one-half of all my estate, of every kind and nature, and after her death one-third thereof shall go to her son, Isaiah Waters, and the remaining two-thirds to her daughter, Clarissa Waters, forever. I devise and bequeath to my said step-child, Isaiah Waters, one-third of the other half of my estate, of every kind and nature, and to my said step-daughter, Clarissa Waters, two-thirds of said remaining half of my estate, of every kind and nature, to them and their heirs forever."·

John W. Ogden was appointed executor of this will. The deceased left said lots 2 and 3 as a homestead, and his wife claimed her homestead in that property during her life.

Tasker died insolvent, leaving debts reaching $5,000, which were duly proved up against the estate and allowed, and on which seven and a half per cent. only has been paid.

On the 20th of August, 1860, the executor sold a number of

lots belonging to the estate, on which were tenement buildings renting altogether for about $100 per month.

The deceased left lots 2 and 3, before named, as a homestead, and his wife claimed her homestead therein. She understood from talks with the executor and creditors that this property would be hers if she made no claim to the other property. She has improved the property by carrying off brick bats, and putting on soil and manure, by fencing, painting, and setting out shrubbery and fruit trees, and Clarissa Crossen, the devisee of a portion of the property, has lived with her thereon, and they have supposed it theirs.

Ogden made his final report in October, 1865, and was discharged. No disposition was made by the executor of the reversionary interest belonging to the estate after the expiration of the homestead right of the wife, in lots two and three before named.

October 25th, 1872, A. J. McCrary was appointed administrator *de bonis non*, and as such administrator he makes application to sell the reversionary interest belonging to said estate, after the termination of the life estate of Catharine Tasker. The defendant, Catharine Tasker, admits the debts were proved up and allowed, and that 92½ per cent. thereof remain unpaid, and that Tasker left no children, but she says the claim or interest of the administrator is barred by the statute of limitations. The guardian *ad litem* for minor devisees under the will of James Tasker made the same answer. The court found the administrator was barred by the statute of limitations, and denied the order of sale. Plaintiff appeals.

*Gillmore & Anderson*, for appellant.

An interest remained in the estate of decedent in and to the property in controversy after the termination of the homestead or life estate of the widow. (Secs. 2296–7, Rev.; *Burns v. Keas*, 21 Iowa, 257.) Claims proved up and allowed were in the nature of legal proceedings commenced against the estate. (*Western Jurist*, Feb., 1874.) The cases relied on by appellee from New Hampshire and New York are simply constructions of statutes differing from that of this state. In

*Jackson v. Robinson*, 4 Wend., 487, a sale of real estate was ordered fourteen years after the appointment of the administrator, and it was there held that the law fixes no limit and the time is left to the discretion of the court.

*G. Brown* and *Craig & Collier*, for appellee.

The executor must obtain an order of court to sell real estate within the time when claims can be presented against the estate, unless there is some good reason for extending it, such as a suit pending, a claim not due and depending upon a contingency, or a suit commenced within the time and not determined. (*Hall v. Woodman*, 49 N. H., 305; *Scott v. Hancock*, 13 Mass., 162; *Danes v. Shed*, 15 Mass., 8; *Ex parte Allen*, 15 Mass., 58; *Emerson v. Thompson*, 16 Mass., 429; *Ex parte Richmond*, 2 Pike, 567; *Moore v. White*, 6 Johns. Ch., 387; *Jackson v. Robinson*, 4 Wend., 436; *Newell v. Newell*, 8 Greenl., 220; *Newell v. Braydan*, 14 Me., 320; *Smith v. Dalton*, 16 Me., 312; *Dorman v. Lane*, 1 Gilman (Ill.), 143; *Skidmore v. Romaine*, 2 Brad., N. Y., 122; *Ferguson v. Brown*, 4 Brad., 260; *Sumner v. Childs*, 2 Conn., 607; *Gilchrist v. Rea*, 9 Paige Ch., 73; *Brown v. Anderson*, 13 Mass., 201.) Upon the decease of the husband or wife without issue, the survivor is entitled to but one-half the estate of the other for dower and as heir at law. (*Burns v. Keas*, 21 Iowa, 257; *Nichols v. Purcezell*, Id., 265.) The application of an administrator or executor to sell realty to pay debts of the estate must be a timely one. (Rorer on Judicial Sales, 99.) A longer time is not allowed therefor than is permitted under the general statutes of limitations to assert an interest in realty. (*Ricord v. Williams*, 7 Wheat., 59, 115.)

DAY, J.—James Tasker died March 12th, 1859. His will was probated April 15th, 1859, and on that day John W. Ogden was appointed executor of the estate. He filed an inventory of the decedent's property the 27th day of May, 1859, which contains the lots in controversy. On the 20th of August, 1860, the executor sold a number of lots belonging to

the estate, and applied the proceeds to the payment of the debts. In October, 1865, he made his final report and was discharged. The present administrator was appointed October 25th, 1872, and he makes application to sell the real estate in controversy. From these dates it appears that this application is made more than thirteen years after the death of James Tasker, and the appointment of his executor, and more than seven years after this executor had made his final report and been discharged. The application is based solely upon the ground that there are debts which the estate owed, and real estate which belonged to the decedent at his death which has not been appropriated to the payment of debts. Our statute contains no limitation of the time within which an executor must make application for the sale of real estate for the payment of debts. But it is manifest that the right ought not to continue without limitation. There must be some time when the heirs may take possession of the real estate, and safely occupy, improve, and dispose of it as their own. Although this question has never before arisen in this State, it has been discussed and carefully considered in several of the sister states. In *Dorman v. Lane*, 1 Gill, 143 (148), the Supreme Court of Illinois adopted the period of limitation within which action must be brought against an executor, and held, "that after the expiration of one year from the final settlement of the accounts of the intestate in the court of probate by the administrator, no application on the part of such administrator to sell the real estate of the intestate, to satisfy debts still due, will be sustained, except the circumstances of the particular case may be of such a peculiar character as to make it the duty of a court of equity to depart from this general rule." That case is exactly in point, for in that, as in the one at bar, the debt on account of which the sale was sought had been established against the estate, and a former order of sale of real estate had been made. In *Hall v. Woodman*, 49 N. H., 295, the same rule was applied, and it was held that license to sell should not be granted after the expiration of three years from the granting of administration, unless for special reasons, and that when special reasons are shown, the

application must be made within a reasonable time. In Massachusetts the limitation of actions against an executor is four years.

In *ex parte* Allen, 15 Mass., 47, it was held that an executor, who pays debts of the testator beyond the amount of personal assets within the four years, cannot, after the expiration of four years, obtain a license for his reimbursement, unless the estate remains, at the time of his application, as it was at the death of the testator, without partition among the heirs or devisees, and without conveyance, nor unless also he makes the application within a reasonable time after paying the debts. In that case the application was made six years after paying the debts, and upon that ground, amongst others, it was denied. See also *Thompson v. Brown*, 17 Mass., 171; *Heath v. Wells*, 5 Pick., 140; *Richmond, Petitioner, etc.*, 2 Pickering, 567.

In Maine, substantially the same rule has been adopted. *Nowell v. Nowell*, 8 Greenleaf, 220; *Smith v. Dutton*, 16 Maine, 308.

The statutes of New York provide that after the expiration of one year after the executor has assumed his trust, he may be called upon to pay legacies and make distribution among the next of kin, and in *Moore v. White*, 6 Johnson's Chy., 360 (377), it was held that "the executor or administrator ought to be ready to apply, and ought to make his application for license to sell real estate, within one year after he has entered upon the trust, and that every subsequent application, unless under peculiar circumstances, and with some reasonable cause for delay, may consistently with sound discretion, and the spirit and policy of the act, be adjudged out of season, and rejected." See also *Jackson v. Robinson*, 4 Wendell, 487, in which it was held that the lapse of fourteen years between the granting of administration and the period when application was made for the sale of real property should, without explanation, have been a reason for the surrogate to reject the application, but that his order was not void, and the error could be corrected only on appeal. See also *Gilchrist v. Rea*, 9 Paige's Chancery, 66 (73).

The law in force at the time the rights in controversy accrued provides that all claims not filed and proved within one year and a half of the giving of notice of the appointment of the executor are forever barred unless the claim is pending in court, or unless certain circumstances entitle the claimant to equitable relief. Revision, Sec. 2405.

Section 2389 of the Revision provides that the executors shall publish a notice of their appointment within thirty days after the receipt of their commission.

The facts do not show when the executor gave this notice, but as he immediately entered upon the execution of his trust and proceeded to sell real estate and pay the debts of the estate, it will, in the absence of any showing to the contrary, be presumed that in this respect he complied with the law.

By analogy to the rule established in Maine, New Hampshire, Massachusetts, and Illinois, we are disposed to hold that, as a general rule in this state, an application of the executor to sell real estate of the decedent for the payment of debts will not be sustained unless made within eighteen months from the time the executor gives notice of his appointment, unless the peculiar circumstances of the case are of such character as to make it the duty of a court of equity to depart from this general rule, and that, under such circumstances, the application must be made within a reasonable time.

1. ADMINIS-TRATOR: sale by: application.

Applying this rule to the present case, the application for an order to sell the real estate was properly denied. Thirteen years elapsed after the executor gave notice of his appointment before this application was made. No excuse for the delay is shown, and no fact is stated entitling the administrator to equitable relief. The inventory filed a few months after the death of the testator contains the real estate in controversy as forming a part of the estate. It is true there has been no alienation of the estate. But the evidence shows that Catherine Tasker has improved it, and that she and Clarissa Crossen, the devisee of part of it, have occupied it, and supposed it theirs.

If we could even hold that the circumstances are such as

would justify the extension of the time for making the application beyond the lapse of eighteen months, still we are of opinion that the delay of eleven and one-half years from that time, without excuse or explanation, is unreasonable.

AFFIRMED.