## HADLEY v. GREGORY ET AL.

1. **Administration**: PETITION TO SELL LANDS: BARRED. Where the administration in this State is but ancillary to the original administration in a foreign State, and the law applicable to the case in that State is not shown, it will be presumed to be the same as our own; and where an application for the sale of real estate for the payment of the debts of the intestate is made long after the original administration, and after the time allowed by our statutes for establishing claims has expired, the proceedings will be barred.

57 157
83 746

57 157
94 572
94 644

57 157
106 457

57 157
119 122

57 157
138 204

57 157
144 77

*Appeal from Adair Circuit Court.*

TUESDAY, OCTOBER 25.

THE plaintiff filed his petition in the Circuit Court, asking for an order authorizing the sale of the lands belonging to the estate of which he is administrator, for the payment of the debts of the intestate. The order was made, and defendants appeal. The facts of the case appear in the opinion.

*H. E. Long*, for appellant.

*Gow & Hager*, for appellee.

BECK J.—I. Plaintiff's intestate died in the State of Indiana, where he was a resident. Administration was there had upon his estate, and the personal assets were used in the payment of debts and costs of the probate proceedings. All debts against the estate were proved before the Probate Court of Indiana, and proper orders were made for their payment. Ancillary administration was had in Adair county, and exemplifications of the record of the Indiana Probate Court were filed in the Circuit Court. The administrator filed his petition therein, showing the proceedings in Indiana, and alleging that intestate died seized of certain lands in Adair county, which he prayed the court would order to be sold for the payment of the debts allowed against the estate. The petition properly shows the condition of the estate, the amount of debts

allowed, etc., etc. No question is raised as to the regularity of the prodeedings, either in Indiana or Iowa.

The record shows that the intestate died October 13, 1874. November 16, 1874, administration was granted in Indiana, and prior to the 22d day of November, 1876, all claims against the estate were presented and allowed, and a final report of the administrator was filed and approved, showing full administration upon the personal assets of the estate. May 13, 1879, the petition in this case for the sale of the lands of the estate was filed. The indebtedness, for the payment of which the administrator asks that the lands be sold, consists of the claims allowed in Indiana; no claims were originally presented in the court below. Other facts of the case need not be presented here, in view of the disposition we make of the case.

II. The decisive question in the case is this: Is the application for the sale of the lands barred by the lapse of time since the allowance of the claims in the Indiana court? We have held that applications for the sale of real estate, for the payment of the debts of the intestate cannot be made after the expiration of the time allowed for establishing claims has expired, unless peculiar circumstances exist, which authorize a court of equity to depart from the rule. *McCrary v. Tasker et al.*, 41 Iowa, 255; *Conger v. Cook et al.*, 56 Iowa, 117.

1. ADMINIS-
TRATION:
petition to
sell lands:
barred.

We may concede, for the purpose of this case, that the law prevailing in Indiana, which operates to limit the time for filing claims against the estate, must be applied to this case. The fact that the administration in this State is but ancillary to the original administration had in Indiana would seem to support this conclusion.

But the law prevailing in Indiana applicable to this branch of the case is not shown by the record. We will presume it to be the same as the law of this State. *Neese v. Farmer's Insurance Co.*, 55 Iowa, 604; *Stephens v. Williams*, 46 Iowa, 540.

Hadley v. Gregory.

We will presume that the statute requiring the administrator to give notice of his appointment was complied with. *McCrary v. Tasker*, 41 Iowa, 255 (260).

More than four years and a half expired from the time we will presume the notice was given, before the petition in this case was filed. Claims against an estate, not filed and allowed within twelve months, are barred, "unless peculiar circumstances entitle the claimant to equitable relief." Code, § 2421.

The record fails to show any circumstances entitling the plaintiff to equitable relief. It is urged that the promise of the widow of the intestate to pay the claims, and the execution by her of promissory notes for some of them, and the further fact that indulgence was extended to the estate for the benefit of the widow and heirs, constitute circumstances of the character contemplated by the statute. But the claimants in these transactions did not deal with the estate, and the widow, not being the administrator, could not bind the estate by her promises. Nor would the indulgence extended by the creditors for the benefit of the widow and heirs in any way affect their right to resist the enforcement of the claims against the lands of the estate. The case is not like *Burroughs v. McLain, Adm'r.*, 37 Iowa, 189, or *Baldwin v. Dougherty*, 39 Iowa, 50, in which indulgence was extended to the estate upon faith in the promises and representations of the administrators that the claims would be paid. The promises in this case were made by the widow, and not the administrator.

We reach the conclusion that the petition for the sale of the lands was not filed in time, and that the proceedings are barred. The judgment of the Circuit Court is

REVERSED.