1. **Administration:** INSUFFICIENT ABSTRACT: PRACTICE. Where the referee found that the administrator had failed to establish such peculiar circumstances, as would excuse the long delay in making application to sell real estate to pay the indebtedness of the intestate, which finding was approved by the court, and the abstract failed to state that all the evidence introduced was contained therein, this court under the rule cannot say there was error.

*Appeal from Dubuque Circuit Court.*

TUESDAY, JUNE 6.

THE plaintiff was appointed administrator of George Kelly's estate in 1857. In 1865, he filed a report; there was a balance due him of $150.47. Exceptions were filed to this report, but it was confirmed by the court. In November, 1875, a second report was filed, in which it was stated no assets had come into the plaintiff's hands since the former report, and there was no personal property belonging to the estate, and leave was asked to sell the real estate. In January, 1876, an amended report or petition was filed, in which it was stated the indebtedness was $657.35, of which sum $261.35 was due the plaintiff. The relief asked was that authority be granted plaintiff to sell the real estate to pay said indebtedness. As an excuse for not making the application at an earlier date, it was alleged all the papers in the case, including the first report of the administrator, had been lost, and that a plat of the real estate had been mislaid. Therefore, the application could not have been made at an earlier date.

Alice Smith answered the petition, and stated she had purchased the real estate sought to be sold, in 1871, of the heirs of Kelly, and had been in possession ever since that time. The other defendants denied the allegations of the petition, and pleaded the statute of limitations. The cause was referred to a referee, who found against the plaintiff, and rec-

ommended the relief asked be denied. The plaintiff filed exceptions to this report, but the same were overruled, and the report and recommendation of the referee confirmed. The plaintiff appeals.

*T. S. Wilson* and *Shiras, Vanduzee & Henderson*, for appellant.

*Fouke & McCeney*, for appellees.

SEEVERS, J.—The allegations of the petition were denied by the answer. The burden was, therefore, on the plaintiff to establish the material averments of the petition. The application to sell the real estate was made more than fifteen years after administration was granted. This long delay required the plaintiff to establish the circumstances causing the delay. It would then be for the court to see whether the excuse was sufficient. *McCrary v. Tasker*, 41 Iowa, 255. The abstract fails to state that all the evidence introduced is contained therein. It is impossible, therefore, for us to say the referee or court erred. The rule on this subject must be, we think, well understood.

1. ADMINISTRATION: insufficient abstract: practice.

AFFIRMED.