Creswell et al. v. Slack et al.

CRESWELL ET AL. v. SLACK ET AL.

1. **Estates of Decedents:** JUDGMENT AGAINST FOREIGN ADMINIS-
TRATOR AS EVIDENCE AGAINST AUXILIARY ADMINISTRATOR IN THIS
STATE. Upon a judgment rendered by the courts of one state against
an administrator appointed in that state an action will not lie against
an administrator appointed in another state. (*Stacy v. Thrasher*, 6
How., 57; *McLean v. Meek*, 18 Id., 16.) And, under this principle, the
record of the allowance of a claim against an administrator in Penn-
sylvania is not admissible in an action to establish the same claim
against an auxiliary administrator in this state.

2. **Evidence:** COPIES OF ENTRIES IN BOOKS OF ACCOUNT. Copies of
entries in books of account are not admissible in evidence to prove the
account.

3. **Estates of Decedents:** SALE OF LAND IN IOWA TO PAY CLAIM
ALLOWED IN OTHER STATE: STATUTE OF LIMITATIONS. The claim
in question was allowed against the principal administrator in Penn-
sylvania in 1871, when it was known that the assets there would pay
but a small portion of the indebtedness. This proceeding, instituted
by the auxiliary administrator in Iowa, to sell the land in question to
satisfy the claim, was not begun for more than four years thereafter. In
the mean time the land had been sold to innocent purchasers by the
guardian of the heirs of the intestate. *Held* that the proceeding was
barred by the lapse of time. *Hadley v. Gregory*, 57 Iowa, 157, followed
in principle.

*Appeal from Pottawattamie Circuit Court.*

THURSDAY, DECEMBER 17.

THE orphans' court of Philadelphia county, Pennsylvania,
on the twenty-third day of August, 1876, appointed an
administrator of the estate of Elijah T. Slack, deceased, late
of that county. On the eighth day of August, 1882, the
plaintiffs filed their petition in the circuit court of Potta-
wattamie county, in which they alleged that the property of
said estate which had been found in the state of Pennsyl-
vania had been fully administered upon, and that certain
valid claims against the estate remained unpaid; also that
said Elijah T. Slack died seized of certain lands in Pottawat-

tamie and Montgomery counties; and they prayed that some suitable person might be appointed to administer upon the assets of the estate in this state. Notice of this application was given to the administrator in Pennsylvania, and he filed a written statement, declining to take out letters of administration in this state, and consenting that some other person might be appointed to administer on such property of the estate as might be found in this state. The court thereupon appointed a citizen of Pottawattamie county as such administrator. Plaintiffs thereupon filed a claim against the estate for $13,470.31, which amount they alleged was due them from the estate on the final settlement of the business of a partnership in which they and said Elijah T. Slack were partners, and which was dissolved by his death. The court appointed a special administrator to examine and pass upon this claim. The auxiliary administrator, soon after his appointment, filed a petition for an order for the sale of real estate for the payment of the debts of the estate. The widow and surviving children of the intestate were made parties to this proceeding. Other parties who, it was alleged, asserted some claim to the property were also joined. The special administrator filed an answer to the claim, denying its validity; also pleading that the right of action thereon was barred by the statute of limitations; also that the claim had not been proven within twelve months after the giving of notice by the administrator of his appointment. The surviving children of the intestate answered, denying the power of the circuit court to appoint an administrator of the estate, and alleging that said appointment was not made until after the expiration of five years from the death of said Slack; also denying that there were any valid claims against the estate, or that any necessity existed for the sale of the real estate. They also averred that in 1877 a guardian of their property was appointed by the circuit court, they being minors at the time; and that said guardian was empowered and directed by the court to sell their interest in the real

estate, which the administrator now asks to be empowered to sell; and that said guardian, in obedience to said order, did sell and convey said interest, being an undivided two-thirds of the property, to the other defendants, and neither they nor the guardian had any notice of the claim now asserted by the plaintiffs. The other parties allege that they purchased the property from the widow and the guardian of the minor heirs of said Slack, and that when they made this purchase they had no notice of plaintiff's claim; that no administration of said estate had been granted in the state of Iowa, and no claim was then asserted against the property; that they paid value for it, and are innocent purchasers thereof. They also plead the same matters in defense which are set up by the children of the intestate. The claim of plaintiffs, and the application of the administrator for the order to sell the real estate, were heard together. The circuit court allowed a portion of the claim, and rejected the balance. It also denied the application of the administrator for an order for the sale of the real estate. Both parties appeal.

*Sapp & Pusey* and *J. Lyman*, for plaintiffs.

*D. B. Dailey*, *Walter I. Smith* and *Finley Burke*, for defendants.

REED, J.—Plaintiffs allege in their claim that, when the partnership of which they and the intestate were members was dissolved by his death, its business was in an unsettled state, and it was impossible to determine the exact state of the accounts, as between the partners, but that it was then known and understood that intestate was indebted to them in a large amount; and that they then filed a claim against his estate in the orphans' court in Pennsylvania for $2,501.64, and that this amount was allowed them by that court. They also allege that, upon a final settlement of the affairs of the partnership, it was ascertained that the full amount of the indebtedness to them was $13,470.31.

On the trial in the circuit court, they offered in evidence a transcript of the record of the proceedings of the orphans' court in which said claim was allowed. This record was sought to be introduced for the purpose of establishing that portion of the claim which was allowed by the Pennsylvania court. The defendants objected to this record on the ground that the allowance of the claim by that court was not binding on the administrator appointed in this state, and, as against him, the record of the allowance is not competent evidence of the validity of the claim. But the objection was overruled, and, on the evidence afforded by the record of the allowance by the Pennsylvania court of that portion of plaintiffs' claim, the same was allowed. The only question arising on defendants' appeal is as to the correctness of this ruling. If the record of the allowance of the claim by the Pennsylvania court is competent evidence against the administrator appointed in this state, it must be upon the ground that such allowance has the force and effect of a judgment, and that the administrator stands in such relation to the parties to the proceedings that he is bound by such judgment. The judgment of a court of competent jurisdiction is binding upon the parties to the record and their privies.

Conceding, then, that the allowance has the force and effect of a judgement, the question whether it is binding on the administrator depends upon whether there is any privity between him and the Pennsylvania administrator; and, in our opinion, there exists no such relation between them. The administrator appointed in this state derives his powers from the statutes of this state. He succeeds to none of the powers or rights of the Pennsylvania administrator. His appointment empowers him to collect such assets of the estate as may be found in this state, and he may make such disposition of them as is directed by the laws of this state; and he is not answerable for his conduct, either to the foreign administrator, or to the power from which his authority is

1. ESTATES of decedents: judgment against foreign administrator as evidence against auxiliary administrator in this state.

derived, but is independent of both. There is privity neither in law nor estate between them, and there is no general principle of law under which it can be held that a judgment against the one is binding upon the other. The question is exhaustively discussed by the supreme court of the United States in *Stacy v. Thrasher*, 6 How., 57, and *McLean v. Meek*, 18 Id., 16; and it is held in each of those cases that an action will not lie upon a judgment rendered by the courts of one state against an administrator appointed in that state against an administrator appointed in another state; and to the same effect is *Talmage v. Chapel*, 16 Mass., 71.

It is contended, however, that the contrary rule is created by section 2368 of the Code. That section provides that when administration has been granted in another state or country, the foreign administrator may upon his application, and upon qualifying as is required of other administrators, be appointed to administer upon the property of the deceased in this state, unless another administrator has been previously appointed in the state. In our opinion, the question considered above is in no manner affected by this statute. It provides, simply, for the appointment in this state of one who has previously been appointed to administer upon the property of the estate in the foreign jurisdiction. The administrator in this case was not appointed under that provision, and his powers and relations are in no manner limited or defined by it. We think the circuit court erred in admitting the record of the allowance in evidence, and in allowing that portion of the claim on the evidence afforded by it.

II. Plaintiff offered in evidence copies, taken from the books of the firm, of the account between said Elijah T. Slack and the partnership up to the time of his death; also of the account kept by plaintiffs since his death, in closing the business of the firm. Defendants objected to these copies on the ground of incom-

2. EVIDENCE: copies of entries in books of account.

petency, which objection was sustained. We think the ruling is correct. The evidence was offered for the purpose of establishing the claim. The account consisted of a great number of items, and the transactions extended through a number of years. The books in which the accounts were kept could probably have been introduced; but copies of the entries were not competent. *Churchill v. Fulliam*, 8 Iowa, 45; *Peck v. Parchen*, 52 Id., 46. In the absence of these accounts, there was no evidence to establish that portion of the claim which had not been allowed by the Pennsylvania court, and the circuit court correctly disallowed it.

III. The circuit court refused to grant an order for the sale of the real estate, on the ground that the right of plaintiffs to have their claim satisfied by the sale of real estate was barred by the lapse of time. The allowance of the claim by the Pennsylvania court was in April, 1871. It had been fully ascertained at that time that the assets in the hands of the administrator would pay but a very small per cent of the claims allowed against the estate. This proceeding was not instituted for more than four years after that. In the mean time the property had been sold and conveyed by the guardian of the children of the intestate to third parties, who purchased in ignorance of the claim. Without setting out the evidence relied on as establishing an excuse for the delay in instituting the proceeding, we deem it sufficient to say that we think the circuit court rightly held that it was insufficient for that purpose. The case is similiar in its facts to *Hadley v. Gregory*, 57 Iowa, 157, and is governed by the principle laid down in that case.

The judgment will be affirmed on plaintiffs' appeal. On defendants' appeal it will be reversed.

*3. ESTATES of decedents: sale of land in Iowa to pay claim allowed in other state: statute of limitations.*