94  569
128  108

94  569
144   77

LIDE C. REED, Administratrix of the Estate of S. A. REED, Deceased, v. CYRUS J. REED, *et al.*, Appellants.

**Probate: Action to Sell Land: LIMITATION OF ACTION.** A claim was against defendant's estate, which the assets on hand were insufficient to pay without selling land. Leave was granted the administratrix to ask the court of another state for an order to sell land therein, but this was never done, because a suitable purchaser could not be found. The application of the administratrix for an order to sell land in Iowa was delayed partly in the hope that the land in the foreign state might be sold for enough to pay the claim, and partly because of the delay on the part of her former attorney; but it appears that she had been endeavoring in good faith, for some months, to institute the proceeding. *Held*, that under the circumstances the lapse of three years, one month and eleven days after the completed publication of notice of the appointment of the administratrix, should not bar an application to sell land, notwithstanding the general limit of eighteen months established by *McCrary v. Tasker*, 41 Iowa, 258.

*Appeal from Hardin District Court.*—HON. D. R. HINDMAN, Judge.

SATURDAY, MAY 18, 1895.

Plaintiff asks an order to sell an undivided one-half of the homestead property of herself and deceased husband, to pay debts of said estate. Defendants, the brothers and sisters of deceased, and only heirs, answered, alleging, among other defenses, that this action is barred by the statute of limitations. As the other defenses are not insisted upon in argument, they need not be noticed. Decree was entered granting an order as prayed. Defendants appeal.—*Affirmed.*

*C. E. Albrook* for appellants.

*Huff & Ward* for appellee.

Given, C. J.—I. Appellants say in argument: "This case involves the settlement of but one proposition we care to discuss: Is the right of action of plaintiff barred by the statute of limitations?" The facts appearing upon this question are these: S. A. Reed died July 1, 1890, leaving the plaintiff, his widow, and the defendants, his brothers and sisters, the only heirs surviving him. The property described was occupied by deceased and plaintiff as their homestead at and for a long time prior to his death, and by the plaintiff ever since. Plaintiff was appointed administratrix of the estate on July 5, 1890, and letters issued to her on July 7. Notice of her appointment was published from July 8 to 29, and an inventory and list of heirs and description of real estate filed September 1, 1890. August 26, 1890, Hardin county filed a claim for one thousand one hundred and forty-two dollars and thirteen cents for money expended by it for keeping deceased at the hospital for the insane, which claim was allowed by the court on the eighteenth day of October, 1890. On June 22, 1891, plaintiff was granted leave to institute proceedings in the courts of Nebraska for the sale of real estate there situated. The assets on hand, including the Nebraska land, are insufficient to pay said claim of Hardin county; therefore plaintiff filed this petition on the ninth day of September, 1893.

In *McCrary v. Tasker*, 41 Iowa, 258, this court said: "Our statute contains no limitation of the time within which an executor must make application for the sale of real estate for the payment of debts. But it is manifest that the right ought not to continue without limitation. There must be some time when the heirs may

take possession of the real estate, and safely occupy,
improve, and dispose of it as their own." It is further
stated on page 260, as the conclusion arrived at, as fol-
lows: "By analogy to the rule established in Maine,
New Hampshire, Massachusetts, and Illinois, we are
disposed to hold that, as a general rule in this state, an
application of the executor to sell real estate of the
decedent for the payment of debts will not be sustained,
unless made within eighteen months from the time the
executor gives notice of his appointment, unless the
peculiar circumstances of the case are of such character
as to make it the duty of a court of equity to depart
from this general rule, and that, under such circum-
stances, the application must be made within a reason-
able time." It will be observed that this petition was
not filed until three years, one month, and eleven days
after the completed publication of notice, and therefore
was not within the limit announced by this court. The
question to be determined is whether the circumstances
are such as to make it the duty of a court of equity to
depart from the general rule as announced. Plaintiff
had leave from the Iowa court to ask the proper court
in Nebraska for an order to sell the Nebraska land; but
this, as we understand it, was never done, because
plaintiff was not able to find a purchaser who would
pay what she regarded as the fair value of the land.
We are inclined to think that this application was
delayed somewhat in the hope of being able to sell that
land for an amount which, with that on hand, might
pay the debts. We are satisfied that plaintiff had been
endeavoring in good faith, for some months preceding
the filing of this petition, to have this proceeding insti-
tuted, and that it was not done because of delay on the
part of the attorney with whom she then consulted, and
that, in consequence of his delay, she employed the

counsel now appearing. Without discussing the circumstances further, we will say that they are such as that, in view of the brief time that elapsed after the expiration of the limit and the bringing of this action, we think a court of equity should not hold the action to be barred. In the cases. cited wherein the action was held to be barred, a much longer time elapsed between the expiration of the limit and the bringing of the action. In the case cited above, it was thirteen years. In *Hadley v. Gregory*, 57 Iowa, 157, more than four years had expired. In *Wilson v. Stanton*, 58 Iowa, 404, more than fifteen years had expired after administration was granted. In *Creswell v. Slack*, 68 Iowa, 110, the proceeding was not instituted for more than four years after administration granted, and in the meantime the property had been sold and conveyed, by the guardian, to innocent purchasers.

As already stated, the only question before us is whether "the peculiar circumstances of the case are of such a character as to make it the duty of a court of equity to depart from this general rule;" namely, the limit named. Our conclusion is that the circumstances are of that character, and that the decree of the district court should be *affirmed*.