A. W. FLORA, Administrator, Appellee, v. MARTHA J. BELL BROWN, LOTTIE B. HOCHSTETLER, ALMA ALDER, ISA E. BELL, VERNON BELL, Appellants. CASSIUS C. DOWELL, Guardian ad litem for Vernon Bell.

**Estates of decedents:** DEBTS: SALE OF REAL ESTATE: APPLICATION:
1 DELAY. The title to the real property of a decedent passes immediately upon his death to his heirs and is in no manner subject to the call of the administrator, except it is required for the payment of debts; and the application of the administrator to subject the land to the payment of debts should be made promptly after learning the necessity of resorting to the land, otherwise it will not be granted unless the delay is excused by a showing of equitable circumstances, and the excuse must appear in the petition and proof. Mere oversight or neglect is not an equitable circumstance excusing delay.

**Same:** JUDGMENT AGAINST ADMINISTRATOR: CONCLUSIVENESS AS TO
2   HEIRS. In this case it appeared that after the final report and
discharge of the administrator certain creditors, whose claims were
filed in time but not allowed, brought an equitable action against
the administrator alone, who appeared and defended, and a de-
cree was entered re-opening the estate, re-instating the administra-
tor and finding that certain real estate was liable for the pay-
ment of claims, which were thereafter allowed. *Held*, that the
decree was not binding upon the heirs who inherited the prop-
erty, but were not made parties to the action.

**Same:** CLAIMS: DISALLOWANCE. Failure of the administrator to either
3   allow or disallow claims filed against an estate amounts to a dis-
allowance by operation of law.

**Same:** JUDGMENTS: APPEAL: PARTIES. Heirs to an estate who were
4   not made parties to an equitable action to re-open the estate and
to re-instate the administrator are not bound by a decree to
that effect, or by the subsequent allowance of claims and an order
for the sale of land to satisfy the same; nor could they appeal for
the purpose of correcting the decree, if erroneous, when not parties
to the action.

*Appeal from Polk District Court.*—HON. W. H. McHENRY,
Judge.

THURSDAY, MARCH 20, 1913.

THIS is an application of the plaintiff administrator to
sell real estate for the purpose of paying debts. From an order
sustaining application, the defendants have appealed.—
*Reversed.*

*Oscar Strauss* and *E. J. Frisk*, for appellants.

*I. W. Douglas* and *Mulvaney & Mulvaney*, for appellee.

EVANS, J.—The plaintiff brought this proceeding as
administrator of Lewis Bell. The proceeding was brought
under the provision of sections 3323 and 3324. The right of
the plaintiff to subject the real estate is resisted upon many

grounds. The principal facts involved appear in the record by stipulation.

Lewis Bell died in July, 1904. Immediately thereafter the plaintiff was appointed as his administrator. The personal estate, which was small, was immediately converted into money and applied upon the payment of claims. At the time of the death of the decedent, he was the owner of an undivided one-fifth of forty acres of land in Polk county, subject to the right of occupancy for life by his mother. This is the real estate involved in this proceeding. The decedent had been the owner of such real estate since 1897, when it came to him by inheritance from his father, Henry Bell. Lewis Bell left surviving him a widow and four children, two of whom are still minors. These are the defendants in this proceeding. In 1908 the administrator made his final report, and was finally discharged by order of the court. Up to that time no application had been made to subject real estate to the payment of debts. In 1911, by a proceeding which will be referred to again in a later paragraph, the estate was reopened, and the administrator was reinstated. Thereafter he brought this proceeding under the statute.

I. It is well settled that the title to this real estate was cast by descent upon the heirs of Lewis Bell immediately upon his decease. It was no part of the estate coming primarily into the hands of the administrator. *In re Pitts' Estate*, 153 Iowa, 269. It was subject to the call of the administrator for the payment of debts, if necessary, under the provision of the sections above cited.

1. ESTATES OF DECEDENTS : debts : sale of real estate : application : delay.

We have repeatedly held, however, that the application by the administrator under these sections must be made promptly when it is made to appear that resort to real estate will be necessary for the payment of debts. We have held, also, that such application will not be allowed after a long delay, unless the delay be excused by a showing of equitable circumstances. *McCrary v. Tasker*, 41 Iowa, 255; *Hadley v.*

*Gregory,* 57 Iowa, 157; *Creswell v. Slack,* 68 Iowa, 110; *Reed v. Reed,* 94 Iowa, 569; *Milburn v. East,* 128 Iowa, 101. It has been held, also, that the excuse for delay must appear in petition and proof. *Conger v. Cook,* 56 Iowa, 117; *Wilson v. Stanton,* 58 Iowa, 404.

In the *McCrary* case, *supra,* it was held that such application should ordinarily be made within eighteen months. The later cases have not treated this period as an exact time limit; nor are we now disposed to hold it forth as such. But all our cases enforce the rule that the application must be prompt, in the absence of equitable circumstances excusing delay. The title to real estate cast by descent upon heirs cannot be clouded indefinitely by belated application, unless there be appropriate reason therefor.

In the case before us no equitable circumstance excusing the delay is contended for, except mere oversight. Mere oversight in such a case is mere neglect. Lewis Bell was a resident of Polk county. He lived upon the premises before the death of his father, Henry Bell, in 1897 and afterwards, and he was living there when he died in 1904. Henry Bell left a will devising the life estate to his widow, who survived him. No further provision was made in the will, and the fee was cast by descent upon his children. This will was probated in Polk county. Every essential fact that is known now to the administrator was known then, or was easily ascertainable. We are constrained, therefore, to hold that the application comes too late and without excuse for delay under the rule of our previous cases.

II. We have already referred to the fact that the administrator, previous to this application, had been finally discharged. This occurred in October, 1908. Afterwards certain

2. SAME: judgment against administrator: conclusiveness as to heirs.

creditors, whose claims were on file since 1904, brought, in another branch of the court, a proceeding in equity under the provision of section 3398. No other defendant was named therein than the present plaintiff; nor was any notice given

to any party in interest.  The defendant therein (plaintiff herein) made no resistance to the petition.  A formal decree was entered reopening the estate and reinstating the administrator, and finding, also; that the real estate of the decedent, which is involved in this suit, was liable for the payment of the claims against the estate.  It is now contended that such decree in the equity suit, whether right or wrong, is conclusive against all the parties herein, and that it determined in advance the very issue presented in this suit.  If such contention be correct, then this suit was quite unnecessary.

Section 3398 is as follows: "Sec. 3398.  Mistakes Corrected.  Mistakes in settlements may be corrected, in the probate court at any time before his final settlement and discharge, and after that time by equitable proceedings on showing such grounds as will justify the interference of the court."

We are not prepared to hold that the quoted section furnished warrant for the equitable suit referred to.  Assuming, without conceding, that it did, the decree therein can furnish little aid to the appellee.  The only defendant named therein was the appellee himself as the former administrator of the estate.  He was not a party in interest.  He had been fully discharged more than two years before, and sustained no further relation to the estate or its beneficiaries.  No fraud was charged against him, and no relief of any kind was asked against him personally.  After his discharge, no relief could be given with reference to the estate in any action against him alone.  *Richardson v. Haney,* 76 Iowa, 101.  It is urged in argument, however, that no notice of his final report was given by the administrator to the claimants, whose claims were on file.  Such fact is not made to appear in the record.  The only statement in the stipulation of fact on this subject is as follows: "The said estate was administered, and the proceeds of the said estate disposed of, upon the order of the court leaving numerous claims undisposed of either by approval or disapproval, and unpaid, among which were the

claims now sought to be collected in this action. That the said administrator made a final report and was discharged.''

The plaintiffs in the equity suit were claimants who had filed their claims in 1904. Their claims were not allowed by the administrator. Neither were they disallowed in any active or formal sense. They were disallowed by operation of law by the failure of the administrator to approve them. Whether this failure of allowance was intentional or mere neglect does not appear. No notice of hearing or filing appears to have been served upon the administrator at any time. The final discharge occurred four years after such filing and after the failure to give notice of hearing. Upon this state of the record, it may well be doubted whether failure to give such claimants notice of final report and final discharge would invalidate the order of the court. In this case the court might have deemed the disallowed claims as having been abandoned by reason of the long time elapsing without notice of hearing. In this respect the case is distinguished from *Van Aken v. Welch,* 80 Iowa, 114; *Godes v. Hassen,* 81 Iowa, 197, which are relied on by appellee at this point. Because of the failure of the record to show want of notice which is probably inadvertent, we have no occasion now to pass upon this particular question, and we leave it without pronouncement. After the decree in the equity suit, a formal order was made by the probate court in May, 1911, allowing the claims of the respective claimants.

3. SAME: claims: disallowance.

The remaining question is whether the provision in the decree in the equity proceeding, which purported to find the real estate herein involved subject to the payment of debts in the hands of the administrator, was such an adjudication of that question as to be conclusive on the parties herein. No jurisdiction of the subject-matter was acquired by any provisional remedy; nor was any attempt made to acquire jurisdiction of any party in interest.

4. SAME: judgments: appeal: parties.

It is argued that, if the decree was erroneous, it could be

corrected only by appeal. But the parties in interest were not parties to the suit, and therefore could not appeal. The decree is conclusive only upon the parties thereto, and those claiming through or under such. The defendant was Flora, and he had no interest to be affected.

If it were competent at all to litigate the question in such suit, it could only be done in compliance with sections 3323 and 3324. The latter expressly provides that: ''All persons interested in such real estate shall be served with notice,'' etc. So far, therefore, as this real estate is concerned, the decree referred to is a nullity for want of jurisdiction.

The order of the trial court must therefore be *Reversed.*