ALEXANDER v. DORAN *et al.*

13 283<br>
94 645

1. UNDENIED ALLEGATIONS IN AN ANSWER. Under the provisions or § 1740 of the Code of 1851, an allegation of usury in an answer to a petition for the foreclosure of a mortgage, when undenied by any replication or other pleadings, should be taken as true.

*Appeal from Boone District Court.*

THURSDAY, JUNE 5.

BILL to foreclose a mortgage. The facts are stated in the opinion of the court.

*John A. Hull* for the appellant, relied upon Code of 1851, § 1742; *Dunsmore* v. *Elliott,* 1 Iowa, 599; *Young* v. *Mumma,* 3 Id., 140; *Teagarden* v. *Baker,* 9 Id., 272; *Burlington and Missouri River Railroad Company* v. *Marchand,* 5 Iowa, 468; *Buckhart* v. *Sappington,* 1 G. Greene, 66.

*Dennison & Mitchell* for the appellee.

LOWE, J. — A proceeding to foreclose a mortgage, which was tried by the court upon the petition and answer alone, and a judgment rendered for plaintiff for the amount of the mortgage, and accruing interest. The appeal brings the

cause before us for hearing, upon its merits. The answer, among other things, admits the execution of the mortgage sought to be foreclosed, but alleges that in said mortgage there is the sum of one hundred and fifty dollars of usury and illegal interest, which the mortgage charged, and asked to be embodied in said mortgage; that this $150 was interest over and above the ten per cent interest which was also charged, and made payable annually. This answer, uncontradicted by any replication or other pleading, must be taken as true, under the provisions of § 1742, Code of 1851. The charge of usury, therefore, being virtually admitted or established, there was no discretion left to the court, but to purge the contract of this taint, and to render a judgment for the principal sum loaned, deducting all payments which had been made. We do not feel at liberty to disregard this plain requirement of the statute, and will have to reverse the judgment below, and remand the cause for a second trial, giving the plaintiff leave to file a replication, *instanter*, if he desires to do so.

Reversed.