## BOLANDER V. ATWELL.

1. PRACTICE: STRIKING ANSWER. The Supreme Court will not reverse an order of the District Court, striking an answer from the files, on the ground that it was not filed within the time prescribed by the rules of the court, when no sufficient excuse for a non-compliance with the rule was, at the time, shown by the defendant.

2. BILL PRO CONFESSO. When a bill is taken as confessed, all distinct and positive allegations are to be taken as true, without proof; but if the allegations are indefinite, or the demand is in its nature uncertain, the certainty requisite must be afforded by proof: following, *Harrison* v. *Kramer et al.*, 3 Iowa, 543.

3. UNDENIED ALLEGATION. Every material allegation in a petition undenied by the answer is taken as true, following *Alexander* v. *Doran et al.*, 13 Iowa, 283.

*Appeal from Linn District Court.*

WEDNESDAY, OCTOBER 15.

The facts are stated in the opinion of the court.

*Preston & Son* for appellant.

*Smyth, Young & Smyth* for appellee, relies upon *Harrison* v. *Kramer*, 3 Iowa, 557; *Campbell* v. *Ayres*, 6 Iowa, 339; *Pierson* v. *David et al.*, 4 Iowa, 410.

BALDWIN, C. J.— This was a bill in equity, for the settlement of a partnership account. The respondent failed to answer in time, under a rule of the court. The answer having been filed after the time fixed by the rule of court, it was, upon the motion of complainant, for this reason, stricken from the files, and a decree *pro confesso* entered upon the complainant's petition.

It is first objected that the court erred in sustaining the motion to strike the defendant's answer from the files. At the time this motion was made there was no excuse offered by respondent for his failure to comply with the rule of court. The defendant moved to set aside the default, and reinstate his answer. This motion was supported by the affidavit of defendant's attorney, and this showing is contradicted by affidavit of the attorney of complainant. The question was one of discretion with the District Court, with the exercise of which we do not feel disposed to interfere. It is important for the court, in dispatching its business, that attorneys should be prompt with their pleadings. The rights of parties may be greatly prejudiced by a continued relaxation of its rules, and their strict enforcement may, in some cases be absolutely necessary for the disposition of the business of the term. The District Court is cognizant of all the circumstances of the case, and *if it* should conceive it necessary to refuse the defendant's motion, we cannot undertake to say that there was error in this ruling.

It is claimed, next, that the court erred in finding the sum for which judgment was rendered, as due the complainant upon the bill as confessed, and without evidence.

It is conceded in argument, and the record shows that it was upon the allegations of the bill which were taken as confessed and without proof, that the court found for the complainant the amount for which judgment was rendered.

The correct rule upon such defaults is stated in *Harrison* v. *Kramer et al.*, 3 Iowa, 543, as follows : " Where a bill is taken as confessed, we understand all distinct and positive allegations are to be taken as true, without proof, but if the allegations are indefinite, or the demand of the complainant is in its nature uncertain, the certainty requisite to a proper decree must be afforded by proof." Was there that certainty in the averments of the bill of complainant in this case, as to avoid the necessity of any evidence?

After a careful examination of the bill of complainant, we conclude, not however without some hesitation, thta the material allegations as to the different items of the defendant's indebtedness are charged with that certainty that, if undenied, they should be taken as true, and judgment rendered accordingly. It is specifically charged in the bill, that the books of the partnership show, in the handwriting of defendant, the amount he received and expended. An exhibit of the money received and paid out by each member of the firm, and a balance struck, it is averred is a true statement of the account, and that so much is due. This is a material allegation, and the law says every material allegation not controverted by the answer, shall be taken as true. § 2917, Rev.; *Alexander* v. *Doran et al.*, 13 Iowa, 283. Upon this provision of the law, the court must have rendered the decree, and we think its ruling must be

Affirmed.