BLOOMER v. GLENDY ET AL.

DOUGLASS v. GOETZ ET AL.

1. **Intoxicating Liquors:** NUISANCES: INJUNCTION AND ABATEMENT: PLEADING: PETITIONS NOT DENIED: NO EVIDENCE NECESSARY. Where petitions for the enjoining and abating of nuisances, kept in violation of the prohibitory liquor laws, contained the necessary averments, and no answers were filed, the averments of the petition stood admitted by operation of law, (Code, § 2712, and cases cited in opinion,) and no evidence was necessary on the part of plaintiffs to entitle them to the relief demanded.

*Appeal from Des Moines District Court.*

WEDNESDAY, DECEMBER 8, 1886.

ACTIONS for the abatement of nuisances, and to enjoin defendants from maintaining and continuing the same. The district court rendered judgment as prayed for in the petition, and defendants appealed.

*P. Henry Smyth & Son,* for appellants.

*Newman & Blake,* for appellees.

REED, J.—The complaint of the appellants in these cases is that the evidence introduced in the district court did not warrant the court in entering judgment for plaintiff. The defendants did not answer in either case. It is alleged in the petition in each case that, in a building which is specifically described, the defendants had established, and were maintaining, a place for the sale of intoxicating liquors, contrary to the statutes of the state, and that in said building they kept such liquors for sale, contrary to law, and there sold the same unlawfully. These allegations, not being controverted, must be deemed true. Code, § 2712; *Alexander v. Doran,* 13 Iowa, 283; *Singer Manuf'g Co. v. Billings,* 39 Id., 347. The material facts upon which plaintiffs' right of recovery depended being admitted, or, what amounts to the same thing, being uncontroverted, it was not necessary for them to introduce any evidence whatever.

AFFIRMED.