Snyder v. Snyder.

SNYDER v. SNYDER *et al.*

1. **Will:** CONSTRUCTION : RIGHT TO TAKE LAND AT APPRAISEMENT. A testator devised all his property to his seven children, share and share alike, and requested that they should partition the real estate fairly and amicably, and, if possible, that they should allow his son (the plaintiff) to have a certain forty acres; but in case they could not agree to such partition, he directed that the plaintiff should " have the first and prior right to purchase the said forty acres and improvements at the price at which it may be appraised, or at such price as can be agreed upon between him and the others." The parties could not agree upon a partition, and plaintiff brought this action to partition the land under the provisions of the will. The court appointed commissioners to appraise the land. *Held* that the will gave to plaintiff the absolute right to purchase the forty acres at its appraised value, and that the other heirs had no right to bid against him therefor.

2. **Partition:** LANDS OF ESTATE : ACTION BEFORE DEBTS PAID. While a partition of the lands of a decedent ought not to be ordered until it is determined that the personal estate is sufficient to pay the debts ( *Thomas v. Thomas,* 73 Iowa, 657), yet an action may be begun before that time, and if it does not appear at the time partition is made that it will be necessary to resort to the real estate to pay the debts, the decree ought not to be disturbed.

*Appeal from Des Moines District Court.*—HON. CHARLES H. PHELPS, Judge.

FILED, SEPTEMBER 10, 1888.

ACTION in equity to partition certain real estate. From a decree directing partition to be made defendants appeal. The facts are stated in the opinion.

*T. B. Snyder*, for appellant.

*T. J. Trulock*, for appellee.

ROTHROCK, J.—Andrew J. Snyder died on the third day of August, 1885. At the time of his death he was seized in fee of two hundred and eighty acres of land. The will of the deceased was probated on the twenty-ninth day of September, 1885. He devised to his seven children all of his estate, real, personal and mixed "to have and to take equally, share and share alike." Said will contains the following provision with reference to the partition or division of the land : " It is my request and wish that as soon as practicable after my death my said children mutually and amicably agree upon and effect a just and fair partition of my said real estate and that, if possible to so arrange and divide it, they allow and grant to my son W. J. Snyder the forty acres, with the improvements thereon, now in possession of and occupied by him, upon such reasonable and just terms as may be agreed upon. If said children cannot agree to such partition, or find the same impracticable, and the premises are required to be sold, I direct and require that my said son W. J. shall have the first and prior right to purchase the said forty acres and improvements at the price at which it may be appraised, or at such price as can be agreed upon between him and the others." This action was commenced by said W. J. Snyder on the twenty-second day of April, 1886, to which the six other devisees under the will are made defendants. All of the parties are of full age. It appears from the averments of the petition and answer, and from a counter-claim filed by the defendant, that there is a serious difference of opinion between the plaintiff and defendants as to the rights of the plaintiff under the will. In other words, it is apparent from the record before us that no such amicable division of the real estate could be made as was contemplated by the will, and that it was necessary that partition should be made by a proceeding in court for that purpose. After

1. WILL : construction : right to take land at appraisement.

the court had passed upon certain questions raised by the pleadings, not necessary to be further alluded to in this opinion, it found as a fact that prior to the death of the testator the plaintiff herein was in possession of a certain forty acres of the land, and that by the terms of the will the plaintiff had the right to take said land at its appraised value. Commissioners were appointed to view and appraise all said real estate in parts, and report their proceedings to the court. An appraisement was made by which the value of the forty acres referred to in the will was fixed at one thousand dollars, and the aggregate value of the other lands was found to be fifty-four hundred dollars. The defendants excepted to the report of the commissioners, and moved to set it aside, and in support of the motion filed a number of affidavits, in which it was stated that the forty acres claimed by the plaintiff under the will was appraised at less, and the other lands at more, than their value, and that, by reason thereof plaintiff was given an undue advantage. The motion to set aside the report was sustained, and new commissioners were appointed and a new appraisement made, by which the forty acres named in the will was appraised at one thousand and twenty dollars, and the other lands at fifty-five hundred and sixty dollars. A motion made by defendants to set aside this last report was overruled. This ruling of the court was correct. The motion was founded upon the affidavits submitted on the first motion, with nothing in addition thereto excepting an affidavit charging the plaintiff with improperly influencing the appraisers. But these charges appear to be founded upon mere hearsay. Upon the overruling of this second motion the court made an order setting apart to the plaintiff the forty acres referred to in the will, and confirming and quieting the title thereto in him, and confirming and quieting the title to the remainder of the land in the defendants; and, for the purpose of equalizing the shares in accordance with the appraisement, the plaintiff was ordered to pay to the clerk of the court the sum

of eighty dollars, to be distributed among the defendants.

The defendants contend that, under the provisions of the will, the plaintiff has not the right to take the forty acres mentioned in the will at its appraised value, but that the will gives the plaintiff the first and prior right to purchase the tract at its appraised value, provided the other parties are not willing to pay more than that price for it. And the defendants, by their answer, offered to take the same at forty dollars per acre. Plaintiff claims that he offered, orally, to accept the forty dollars an acre in the court below, but that defendants refused to stand by their offer. This is denied by the defendants, and, it not being of record, we cannot notice it. But the averment of the answ · stands, and plaintiff filed an offer in this court to accept forty dollars an acre, which is not accepted by defendants. About all that can be said of this feature of the case is that it tends to show that the claim of defendants that the land is worth forty dollars an acre is not well founded.

We think the district court correctly construed the will. The clause in question plainly contemplates that in case there cannot be an amicable adjustment of the rights of the parties, resort must be had to a legal proceeding in which the land may be required to be appraised, and the provision is absolute that the parties shall have the right to purchase the forty acres in question "at the price at which it may be appraised." There can be no mistake as to the meaning of this clause in the will. No one has the right to bid against the plaintiff for the land. His right to take it at the appraisement is absolute and unqualified.

It is insisted by appellants that the action was prematurely brought. It is true that it was brought within the one year allowed by law for proving 2. PARTITION : lands of estate : action before debts paid. claims against the estate. It is averred in the petition that the personal property of said estate is in value largely in excess of all demands against the estate. There is a

general denial of this averment in the answer filed by defendants ; and there is not one word in the record further upon that subject. It does not appear that either party introduced any evidence as to the debts or demands against the estate. So far as the pleadings go, it does not appear that there were any debts, excepting by the merest inference. Now it is true a partition of lands should not be ordered until it is determined that the personal estate is sufficient to pay the debts. *Thomas v. Thomas*, 73 Iowa, 657. But it is not a question of jurisdiction. An action may be commenced, and if it does not appear at the time partition is made that it will not be necessary to resort to the real estate to pay the debts, the decree partitioning the lands ought not to be disturbed. The decree was entered in the court below on the thirteenth day of September, 1887. The will was probated on the twenty-ninth day of December, 1885, nearly two years prior to the decree. In view of the fact that the attention of the court below was not called to the question now under consideration, it is fair to assume that it was raised by the parties, and that the estate was then practically settled, and our conclusion is that there was no sufficient reason why the decree should not have been entered up at the time it was entered.                    AFFIRMED.