Lucretia M. Minear and Lucy Emma DeMoss, Appellees, v. Corinth Hogg (*nee* Moody), Appellee, Sarah Bell Moody, W. C. Moody, her husband, and Peter Turner, Appellants, Sarah J. Glover and James Glover, A. F. Minear, and W. I. DeMoss, Appellees.

**Partition: PRACTICE.** Under our statutes, the time of an executor to close an estate is ordinarily limited to three years. *Held*, a petition for partition filed by devisees, showing that more than four years have elapsed since testator's death, is not demurrable for failing to allege that the estate has been finally settled, as compliance with law is presumed. *Thomas v. Thomas*, 73 Iowa, 657, *distinguished*.

**RULING ON DEMURRER.** If a demurrer to a petition be overruled and defendant fails to answer or plead, decree may pass upon the pleadings without proof.

*Appeal from Calhoun District Court.*—Hon. Charles D. Goldsmith, Judge.

Tuesday, May 21, 1895.

This is a proceeding in partition. The court granted the prayer of plaintiffs' petition, and defendants Sarah Bell Moody, W. C. Moody, Jr., and Peter Turner appeal.—*Affirmed.*

The facts are stated in the opinion.

*Cummins & Wright* and *O. J. Jolley* for appellants.

*Stevenson & Lavender* for appellees Minear and DeMoss.

*Yeoman & Kenyon* for appellees Corinth Hogg and Sarah J. Glover.

Vol. 94 Ia—41

Deemer, J.—The petition alleges in substance, that on or about November 1, 1889, one W. C. Moody died testate in Calhoun county, Iowa, seized of certain real estate, a particular description of which it is unnecessary to set out; that his will was duly admitted to probate in the district court of Calhoun county, Iowa; that the deceased, after making certain specific bequests, devised and bequeathed the remainder of his estate to his five children, share and share alike, viz: W. C. Moody, Jr., Corinth Hogg, nee Moody, Sarah J. Glover, Lucretia M. Minear, and Lucy Emma De Moss; that on April 28, 1891, W. C. Moody, Jr., conveyed his interest in the estate to his wife, Sarah Bell Moody, and that plaintiffs and defendants Corinth Hogg, Sarah Bell Moody, and Sarah J. Glover are each entitled to an undivided one-fifth interest in and to the real estate of which the testator died seized, except one lot, which was specifically devised to Corinth Hogg; that by the terms of the will the one-fifth interest of plaintiff Lucy Emma DeMoss, was to be held by the executors named in trust for her support and comfort; that defendant Peter Turner claims some interest in and to two lots owned by the deceased, but that his claim is of no validity, and is a cloud upon the title, and should be canceled of record. It is further alleged that the parties cannot agree upon an equitable division of the land, and partition is asked, and a decree quieting the title as against Peter Turner. A copy of the will is attached to the petition, and an abstract of title accompanies it. Defendants Corinth Hogg and Sarah J. Glover answered the petition. One Sarah Gordon filed a petition of intervention, and defendants Sarah Bell Moody, W. C. Moody, and Peter Turner filed separate equitable demurrers to the petition. The demurrers were submitted to the court, and

overruled, and, the defendants named electing to stand thereon, a decree was rendered without the production of evidence, finding that the allegations of plaintiffs' petition were true, and that the plaintiffs were entitled to a partition of the lands described.    It was also found that plaintiff Minear and defendants Corinth Moody, Sarah Bell Moody, and Sarah J. Glover are each entitled to an undivided one-fifth interest in the real estate in fee simple, and that plaintiff DeMoss is entitled to the use and benefit during her natural life of an undivided one-fifth of the real estate.    Partition sale was ordered, and a provision was made so that each of the devisees should account for advancements made them by the testator.   The prayer of Sarah J. Gordon as intervener, was granted, and title quieted in the devisees as against Peter Turner.   Defendants W. C. Moody, and Peter Turner appeal.

Two questions are presented.   It is insisted, first, that the court erred in overruling the demurrers, because it was not alleged in the petition that the estate of W. C. Moody, deceased, had been finally settled and closed, nor was it alleged that his estate was solvent.   And the case of *Thomas v. Thomas*, 73 Iowa, 657, is relied upon as sustaining the position.   We do not think the case is applicable, because the opinion shows that the suit was commenced before the year had expired for filing claims, and before the widow, who was made a party for the purpose of requiring her to make an election as to which she would take, the homestead or her distributive share, could be required to make an election.

Again, the fact that the year for filing claims had not expired, and that the widow had not made her election, was pleaded in answer, and proofs were taken upon the issues presented.   In the case at bar it is alleged that the deceased died on November 1, 1889,

and that his last will and testament was duly admitted
to probate; that he devised the real estate in question
by this will to plaintiffs and defendants, as stated.
The action was commenced November 29, 1893, more
than four years after the death of the testator. It
seems clear to us that the suit was not prematurely
brought. The law requires that any one having the
custody of a will shall, as soon as he is informed of the
death of the testator, file the same with the clerk.
The clerk thereupon fixes a day for the probate of the
will, and gives notice thereof three consecutive weeks,
the last of which shall be at least ten days prior to the
time fixed for hearing. The executor appointed under
the will is required within ten days after receipt of his
letters to publish notice of his appointment. Claim-
ants against the estate have one year after first publi-
cation of notice to file their claims. And the executor
is required to make settlement of the estate within
three years, unless otherwise ordered by the court. It
has also been held that application for the sale of the
real estate to pay debts will not be granted if not made
within the time allowed for filing claims, unless under
peculiar equitable circumstances. *McCrary v. Tasker,*
41 Iowa, 255; *Creswell v. Slack,* 68 Iowa, 110; *Hadley
v. Gregory,* 57 Iowa, 157; *Conger v. Cook,* 56 Iowa, 117;
It may be stated as a general rule that immediately
upon the death of a testator seized of real estate the
title passes to his devisees, subject to the right of cred-
itors through the executor to subject it, if needed, to
the payment of debts; and the action to subject it to
the payment of debts must be brought within one year
from the giving of notice, except under peculiar equi-
table circumstances which justify a departure from the
rule by a court of equity. During this year partition
cannot safely be made, and ought not to be granted;
and this is what is held in the *Thomas Case.* After the

year has expired, the presumption is that it is not needed for the payment of debts, and partition can then be made, unless it be shown in defense that there is not enough personal property to pay debts, and that the executor still has the equitable right to sell the land to meet the liabilities of the estate. This, it seems to us, is the rule which ought to be adopted. True it is that there is no statement in the petition as to when the will was probated, or as to when the executor gave notice of his appointment, but we think the presumption arises that all persons connected with the administration of the estate, having a duty to perform, did that duty. And, if this be true, the time has long since elapsed when the executor might make application to sell the real estate to pay debts. Our conclusions are sustained to some extent by the seventh paragraph of the opinion in the *Thomas Case*, and also *Snyder v. Snyder*, 75 Iowa, 255. The demurrer was properly overruled.

II. The second question presented is the power of the court to grant a decree upon the pleadings without proofs. The petition was duly verified, and the statute provides that "upon a decision of a demurrer, if the unsuccessful party fail to answer or plead over, the same consequences shall ensue as though a verdict had passed against the plaintiff, or the defendant had made default, as the case may be." Section 2654. A default is the admission of plaintiff's cause of action as stated in the petition by failing to appear and answer thereto after being duly served with notice, and a judgment is rendered upon the default as a judgment is rendered upon evidence. *Walker v. Cameron*, 78 Iowa, 315; *Bloomer v. Glendy*, 70 Iowa, 757; *Alexander v. Doran*, 13 Iowa, 283; *Brown v. Mallory*, 26 Iowa, 469. This rule does not apply, however, to allegations of value or

amount of damages. The court was authorized to treat the allegations of the petition as confessed, and did not err in rendering the decree without evidence. —*Affirmed.*