D. C. SMITH, Appellee, v. WILLIAM TATE, Appellant.

**INTOXICATING LIQUORS:** Unlawful Sale—Temporary Injunction
1 —Failure to Answer or Testify. Failure of a defendant, in an
action to enjoin a liquor nuisance, to file answer or testify in
explanation of any of the evidence against him may be consid-
ered and given due weight on the question of granting the tem-
porary writ. Evidence reviewed and held sufficient to justify
the issuance of the temporary writ.

*Appeal from Wapello District Court.*—HON. F. M. HUNTER,
Judge.

FRIDAY, OCTOBER 23, 1914.

REHEARING DENIED MONDAY, MARCH 22, 1915.

FROM a decree granting a temporary injunction against
the unlawful sale of intoxicating liquor this appeal is taken.—
*Affirmed.*

*Jaques & Jaques* and *Gilmore & Moon,* for appellant.

*M. S. Odle* and *Geo. L. Gillies,* for appellee.

WITHROW, J.—I. Proceeding was brought in the district
court of Wapello county against Charles Tate, William Tate
and C. A. Burns, alleging that they were engaged in the sale
of intoxicating liquor on Lot 340, in the city of Ottumwa,
and that such premises were being kept, used and maintained
by the defendants as a place for keeping intoxicating liquor
with intent to sell the same in violation of law. The petition
was duly verified, and upon presentation to the court, a hear-
ing on the application for temporary injunction was fixed for
November 1, 1912. At that time the defendants appeared and
hearing was had, at the conclusion of which decree was en-
tered temporarily enjoining the defendant, William Tate,

from the illegal sale of or keeping for sale intoxicating liquor on the premises described, or elsewhere, in the second judicial district. From that order this appeal is taken.

II. Appellant urges that there was no evidence tending to connect him with the place or with its operation; and that the decree temporarily enjoining him was erroneously entered.

1. INTOXICATING LIQUORS: unlawful sale: temporary injunction: failure to answer or testify. The trial court in its decree held "that the failure of the defendant, William Tate, to take the witness stand and testify in his own behalf is a circumstance which should be considered by the court in ruling upon the evidence produced in the trial and the case made by plaintiff."

The defendant filed no answer, nor by his own testimony did he controvert the charge of the petition. While it may not be said that a failure to so do is of itself a sufficient warrant for granting a temporary injunction, when the evidence on the part of the plaintiff and the defendant fails to connect the defendant with the alleged wrongful act, yet when there is some evidence tending to connect the defendant with the place, and unlawful sales are shown to have been made, his failure to testify is a circumstance to be taken against him. *Shideler v. Naughton,* 163 Iowa 616. In a like case, where no answer was filed, this court held that the allegations of the petition, not having been controverted, must be deemed true (*Bloomer v. Glendy,* 70 Iowa 757) ; and this holding was over the objection that the evidence did not warrant the court in entering judgment for plaintiff.

The evidence tended to show that at the place in question, witnesses bought intoxicating liquor, and that it was reputed to be a place where intoxicating drinks could be had. The evidence connecting the defendant with the place tended to show that he had at times been behind the cigar counter, but no one testified to having seen him make sales of intoxicating liquor. A brother of the appellant, himself a defendant in the case, testified that he did not know whether his brother, William Tate, ran a soft drink parlor at the place

in question. His connection with the place in some capacity was shown, and there was evidence tending to show that intoxicating liquor had been purchased there, although the witness did not identify this defendant as the one from whom the purchases were made.

The evidence showed that the appellant William Tate had received shipments of beer at frequent intervals, generally in 250-pound cases, the shipments covering a period from May 28, 1912, to July 20, 1912, and being seven in number, delivered at irregular times from one to three weeks apart. The driver testified that he made all the deliveries at the home of William Tate, which was not the place where the unlawful sales were alleged to have been made. It was also shown that the appellant was a married man, and that there were several members of his family. While intoxicating liquor purchased for one's personal use in not unusual quantities and delivered at his residence cannot be made the basis for a prosecution, the fact that it was intended for his family does not appear in the record, excepting as it may be claimed that such must be inferred from a delivery at his home. Neither does the record show any facts aside from that of quantity and the number of members of his family to indicate that the purchases were or were not excessive. The facts were such, however, as we conclude, that the trial court was entitled to an explanation by the appellant of the various circumstances tending to connect him with the place; and such not having been offered or made, and there having been no answer filed in the case, it had the right under the authorities on the record presented to grant the temporary injunction.—*Affirmed.*

LADD, C. J., DEEMER and GAYNOR, JJ., concur.